```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF MINNESOTA
                Civil No. 16-4335(DSD/SER)
```

Timothy N. Trainer,

      Plaintiff,

v.                                             **ORDER**

Continental Carbonic Products, Inc.,

      Defendant.

      Matthew J. Schapp, Esq. and Dougherty, Molenda, Solfest, Hills and Bauer, P.A., 14985 Glazier Avenue, Suite 525, Apple Valley, MN 55124, counsel for plaintiff.

      Alyssa M. Toft, Esq. and Jackson Lewis P.C., 150 South Fifth Street, Suite 3500, Minneapolis, MN 55402, counsel for defendant.

This matter is before the court upon the partial motion to dismiss by defendant Continental Carbonic Products, Inc (CCPI). Based on a review of the file, record, and proceedings herein, and for the following reasons, the court denies the motion.

**BACKGROUND**

This discrimination dispute arises out of CCPI's decision to fire plaintiff Timothy N. Trainer, a white male whose wife is African-American and whose children are biracial. Am. Compl. ¶¶ 9-10. In August 2013, CCPI hired Trainer as a full-time driver at its Burnsville, Minnesota location. Id. ¶ 8. When Trainer's co-worker, Travis Gilner, learned that Trainer's wife was African-American and his children were biracial, Gilner allegedly began

making racially derogatory comments about them. See id. ¶¶ 13-14. Trainer alleges that Gilner used offensive terms such as "nigger," "tar babies," and "mud flaps." Id. ¶ 14. Gilner also allegedly asked Trainer if he "liked his coffee black like his wife or with cream like his kids" and whether Trainer's "family had fried chicken and watermelon five nights a week." Id. Trainer claims that Gilner also showed him racist cartoons and told racist jokes. Id. ¶¶ 14-15.

In September 2014, Gilner became Trainer's direct supervisor, and the racially derogatory comments about Trainer's family allegedly continued. Id. ¶¶ 16-17. In April 2015, Trainer reported Gilner's behavior to CCPI human resources, but he claims that they did not return his calls for approximately a week despite his repeated follow-up calls. Id. ¶¶ 20-22. Approximately three weeks after Trainer's initial complaint to human resources, CCPI terminated Gilner's employment because of the alleged harassment. Id. ¶ 24. After Gilner's termination, Trainer decided to file a complaint with the Equal Employment Opportunity Commission (EEOC), and, in October 2015, he requested from CCPI its investigation file concerning Gilner's alleged harassment. Id. ¶ 26. Trainer claims CCPI denied his request. Id. ¶ 27. Approximately three weeks later, CCPI terminated Trainer allegedly because he wanted to file an EEOC complaint against the company. Id. ¶¶ 28, 42-43.

On November 21, 2016, Trainer filed suit against CCPI in state district court, and CCPI timely removed. See ECF No. 1. Trainer filed an amended suit on December 30, 2016, asserting claims of hostile work environment under the Minnesota Human Rights Act (MHRA) and wrongful termination.[1]  CCPI now moves to dismiss the hostile work environment claim.

## DISCUSSION

### I. Standard of Review

In order to survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 594 (8th Cir. 2009) (citations and internal quotation marks omitted).  "A claim has facial plausibility when the plaintiff [has pleaded] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp v. Twombly, 550 U.S. 544, 556 (2007)).  Although a complaint need not contain detailed factual allegations, it must raise a right of relief above

---

[1] In the amended complaint, Trainer labels count one as "race discrimination by association - familial status - hostile work environment."  In his response and the hearing, Trainer represented that count one only consisted of a hostile work environment claim and not a race discrimination claim.  Therefore, the court will treat the complaint as having asserted only hostile work environment and wrongful termination claims.

the speculative level. See Twombly, 550 U.S. at 555. "[L]abels and conclusions or a formulaic recitation of the elements of a cause of action" are not sufficient to state a claim. Iqbal, 556 U.S. at 678 (citations and internal quotation marks omitted).

## II. Failure to State a Claim

Because of the substantial similarity between the MHRA and Title VII, Minnesota courts "have frequently applied principles which have evolved in the adjudication of claims under the federal act ...." Anderson v. Hunter, Keith, Marshall & Co., 417 N.W.2d 619, 623 (Minn. 1988); see also Rothmeier v. Inv. Advisers, Inc., 85 F.3d 1328, 1338 (8th Cir. 1996) ("The Minnesota Supreme Court has held time and again that MHRA claims are to be construed in accordance with federal precedent.").

When a hostile work environment claim is based on the actions of a supervisor, a plaintiff must show: "(1) that [he] belongs to a protected group; (2) [he] was subject to unwelcome harassment; (3) a casual nexus exists between the harassment and the plaintiff's protected group status; and (4) the harassment affected a term, condition or privilege of [his] employment." Gordon v. Shafer Contracting Co., Inc., 469 F.3d 1191, 1195-96 (8th Cir. 2006). When a hostile work environment claim is based on the acts of a non-supervisor, a plaintiff "must show that his employer knew or should have known of the harassment and failed to take proper action." Id. at 1195; see also Frieler v. Carlson Mktg Grp., 751

N.W.2d 558, 571 n.11 (Minn. 2008).

CCPI first argues that Trainer has failed to allege facts showing that the harassment affected a term, condition, or privilege of his employment. In deciding whether a plaintiff has demonstrated that the harassment affected a term, condition or privilege of employment, the court looks at all the circumstances, including "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." Woodland v. Joseph T. Ryerson & Son, Inc., 302 F.3d 839, 843 (8th Cir. 2002). A plaintiff "must demonstrate that the harassment was sufficiently severe or pervasive to create a work environment that [is] both objectively and subjectively hostile." Reedy v. Quebecor Printing Eagle, Inc., 333 F.3d 906, 908 (8th Cir. 2003). "A hostile work environment exists when the workplace is dominated by racial slurs, but not when the offensive conduct consists of offhand comments and isolated incidents." Bainbridge v. Loffredo Gardens, Inc., 378 F.3d 756, 759 (8th Cir. 2004) (citation and internal quotation marks omitted); see also Green v. Franklin Nat'l Bank of Minneapolis, 459 F.3d 903, 911 (8th Cir. 2006) (citation and internal quotation marks omitted) ("[I]f [racial] comments are sporadic or casual, they are unlikely to establish a hostile work environment claim.")

Trainer's allegations do not amount to isolated or sporadic incidents of racism.  Indeed, Gilner allegedly used racial slurs and stereotypes on a daily basis over the course of two years.  Further, many of Gilner's comments, such as the use of the terms "mud flaps" and "tar babies" reduced Trainer's family to the status of objects and add to the severity of the conduct.  See Green, 459 F.3d at 911 (citations and internal quotation marks omitted) ("To suggest that a human being's appearance is essentially a caricature of a jungle beast goes far beyond the mere unflattering; it is degrading and humiliating in the extreme.  The use of the term "monkey" and other similar words have been part of actionable racial harassment claims across the country.").  If true, these allegations are sufficiently pervasive and severe to affect Trainer's employment.[2]  See id. at 911 (holding that eight instances of using racially insensitive terms over three months were sufficient); Reedy, 333 F.3d at 908 (holding that five instances were sufficient).

CCPI next argues that Trainer has not sufficiently pleaded that CCPI knew or should have known about the alleged conduct and failed to take prompt remedial action.  As stated above, because some of the alleged conduct occurred while Gilner was Trainer's supervisor, Trainer need not show that CCPI knew or should have

---

[2] Indeed, other than characterizing the allegations as conclusory, CCPI provides no argument to the contrary.

known of the alleged conduct. As a result, Trainer has sufficiently pleaded facts giving rise to a plausible hostile work environment claim.

## CONCLUSION

Accordingly, based on the above, **IT IS HEREBY ORDERED** that defendant's partial motion to dismiss [ECF No. 14] is denied.

Dated: March 24, 2017

s/David S. Doty
David S. Doty, Judge
United States District Court
